IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL AVILA, on behalf of himself and all persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 13 C 3566 |
| v. | ) ) ) | Judge Ronald A. Guzmán |
| CITIMORTGAGE, INC. and RESTORE CONSTRUCTION, INC., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Citimortgage, Inc. ("Citi") moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the breach of contract, breach of fiduciary duty and conversion claims asserted in Counts I-III of the complaint and Rule 12(f) to strike the class allegations from them.[1] For the reasons set forth below, the Court grants the motion to dismiss and denies the motion to strike.

**Facts**

On February 10, 2005, plaintiff executed a mortgage in favor of Citi on his property at 4734 South Bishop Street in Chicago, Illinois. (*See* Compl., Ex. A, Mortgage at 15-16.) The mortgage required plaintiff to maintain property insurance "in the amounts . . . and for the periods that [Citi] requires." (*Id.* at 6.) It also states:

---

[1] Plaintiff has voluntarily dismissed Count V, which was asserted only against defendant Restore Construction Inc., and the Count IV negligence claim asserted against Citi. (*See* July 8, 2013 & Aug. 12, 2013 Orders.)

> Unless Lender and Borrower otherwise agree in writing, any insurance proceeds . . . shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or a series of progress payments as the work is completed. . . . If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this [mortgage], whether or not then due, with the excess, if any, paid to Borrower. . . (hereafter, "loss provision").

(*Id.* at 6-7; *see id.* at 4.)

On July 4, 2010, plaintiff's property was damaged by a fire. (Compl. ¶ 85.) His insurer deposited about $150,000.00 with Citi to be used to repair the property. (*Id.* ¶ 78.) Citi paid $51,532.18 of the insurance proceeds to the contractor plaintiff hired to do the work, though the work had been done poorly or not at all. (*Id.* ¶¶ 78-80, 85-88.) Moreover, Citi did not attempt to get the money back from the contractor and applied the remainder of the proceeds to plaintiff's debt. (*Id.* ¶¶ 14-15.)

Plaintiff alleges that since April 15, 2003, Citi has entered into thousands of mortgages containing a similar loss provision pursuant to which it has received insurance proceeds pending property restoration but has instead applied them to the borrowers' debts. (*Id.* ¶ 31.)

## Discussion

**Motion to Dismiss**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to

2

dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To state a viable contract claim, plaintiff must allege, among other things, that he performed his contractual obligations, Citi did not perform its obligations and plaintiff was damaged as result. *See Mannion v. Stallings & Co., Inc.*, 561 N.E.2d 1134, 1138 (Ill. App. Ct. 1990) (setting forth elements of contract claim). Defendant contends that these allegations are lacking.

With respect to the breach and damage elements, the Court disagrees. The mortgage loss provision gives Citi two options. If restoration is economically feasible, Citi "shall" apply the insurance proceeds to the restoration work. (*See* Compl., Ex. A, Mortgage at 6.) If restoration is not economically feasible, Citi "shall" apply the insurance proceeds to the borrower's debt. (*Id.*) Plaintiff alleges that Citi did neither. Rather, it paid part of his insurance money to a contractor for shoddy or non-existent work and applied the rest of it to plaintiff's debt. (*See* Compl. ¶¶ 23-34.) These allegations are sufficient to suggest that Citi breached the loss provision and plaintiff was damaged as a result.

The Court agrees, however, that plaintiff has not alleged, explicitly or implicitly, that he complied with his contractual obligations. Thus, the Court dismisses without prejudice the contract claim.

In Count II, plaintiff asserts a breach of fiduciary duty claim, which requires plaintiff to allege that such a duty exists, Citi breached it and that breach proximately caused plaintiff's injury. *Neade v. Portes*, 739 N.E.2d 496, 502 (Ill. 2000). Citi contends that the duty element is lacking.

The Court agrees. Though some relationships are fiduciary as a matter of law, the debtor-creditor relationship is not one of them. *Pommier v. Peoples Bank Marycrest*, 967 F.2d 1115,

1119 (7th Cir. 1992). Nonetheless, the Court can infer that a particular debtor-creditor relationship is fiduciary in nature if one party alleges that he "placed trust and confidence in [the other]" such that the other party "gained influence and superiority over him." *Santa Claus Indus., Inc. v. First Nat'l Bank of Chi.*, 576 N.E.2d 326, 331 (Ill. App. Ct. 1991). "This degree of trust and confidence can be shown by such factors as degree of kinship, age disparity, health, mental condition, education, business experience, extent of reliance." *Id.* Plaintiff's allegations – that Citi breached a contractual obligation to apply his insurance proceeds to the restoration of his property – do not support the inference that the parties had a fiduciary relationship. (Compl. ¶¶ 7, 30, 46); *see Gary-Wheaton Bank v. Burt*, 433 N.E.2d 315, 322 (Ill. App. Ct. 1982) (stating that a business relationship in which one party has a "slightly dominant . . . position do[es] not operate to turn a formal, contractual relationship into a confidential or fiduciary relationship"); *see also Mid-Am. Nat'l Bank of Chi. v. First Sav. & Loan Ass'n of S. Holland*, 515 N.E.2d 176, 180-81 (Ill. App. Ct. 1987) (lender did not have fiduciary duty to tell borrowers that the property they were buying was in a flood zone). Accordingly, the Court grants Citi's motion to dismiss Count II.

In Count III, plaintiff asserts a conversion claim. "A proper complaint for conversion must allege: (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a defendant over a plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property." *Fonda v. Gen. Cas. Co. of Ill.*, 665 N.E.2d 439, 442 (Ill. App. Ct. 1996). Citi argues that the first and third elements are lacking.

The Court agrees. Money can be the subject of a conversion claim, but only if plaintiff alleges that he "has a right to a specific, identifiable amount of money," not "an indeterminate sum."

*3Com Corp. v. Elecs. Recovery Specialists, Inc.*, 104 F. Supp. 2d 932, 940 (N.D. Ill. 2000). Plaintiff alleges that Citi wrongfully applied his insurance proceeds but does not state the specific dollar amount that was allegedly converted. Moreover, he does not, and given the language of the loss provision cannot, allege that he had an absolute and unconditional right to the money. (*See* Compl., Ex. A, Mortgage at 7 ("During such repair and restoration period, Lender shall have the right to hold such insurance proceeds . . . ."). Accordingly, the Court dismisses with prejudice the conversion claim.

**Motion to Strike Class Allegations**

Plaintiff seeks to pursue its claims on behalf of a class defined as:

[A]ll persons who had mortgage agreements with Defendant, Citi, from April 15, 2003, to the present where insurance proceeds resulting from loss were deposited to be held pending restoration and or repair, a nd where the Defendant, Citi, applied the funds to reduce the sums secured by the Borrower's mortgage rather than using the funds to complete the restoration and repair.

(Compl. ¶ 15.) Citi contends that this definition is too broad and the class so defined does not meet the requirements of Rule 23. Whether that is true, however, depends on facts that are not currently before the Court. Absent such facts, the Court has no basis for striking the class allegations.

## Conclusion

For the reasons set forth above, the Court denies Citi's motion to strike class allegations [19], grants Citi's motion to dismiss [16], dismisses without prejudice plaintiff's breach of contract and breach of fiduciary duty claims (Counts I and II) and dismisses with prejudice his conversion claim (Count III). Plaintiff has fourteen days from the date of this Order to amend Counts I and II, if he can do so and comply with Rule 11. If he fails to do so in that period, the Court will dismiss those claims and this case with prejudice.

**SO ORDERED.**             **ENTERED: October 2, 2013**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**