# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL AVILA, on behalf of himself and all persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 13 C 3566 |
| v. | ) ) ) | Judge Ronald A. Guzmán |
| CITIMORTGAGE, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In Counts I and II of his second amended complaint ("SAC"), plaintiff re-pleads claims the Court previously dismissed "to preserve his right to contest the Court's rulings with respect thereto." (Pl.'s Mem. Resp. Def.'s Mot. Dismiss SAC at 1.) The only new claim he alleges is for breach of contract (Count III), which defendant moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## Facts

On February 10, 2005, plaintiff executed a mortgage in favor of defendant on his property at 4734 S. Bishop Street in Chicago, Illinois. (*See* SAC, Ex. A, Mortgage at 15.) The mortgage requires plaintiff to obtain property insurance that names defendant as "mortgagee and/or additional loss payee." (*Id.* at 6.) It also states that if the property is damaged, defendant shall use the insurance proceeds to pay for repairs made to the property. (*Id.*) It allows defendant to withhold payment for repairs until it inspects the work "provided that such inspection shall be undertaken promptly." (*Id.* at 6-7.)

On July 4, 2010, plaintiff's property was damaged by a fire. (SAC ¶ 4.) On September 27, 2010, plaintiff's insurer deposited the proceeds from plaintiff's insurance policy, about $155,000.00, with defendant. (*Id.* ¶¶ 5, 64.) Plaintiff hired a contractor to do the repair work, which started in September 2010 and was projected to end in January 2011. (*Id.* ¶¶ 67, 69.)

On September 30, 2010, defendant made a $51,530.28 payment for repairs via a check made payable to both plaintiff and his contractor. (*Id.* ¶ 65.) Defendant did not review any documentation from the contractor or inspect its work before making the payment. (*Id.*) Without plaintiff's knowledge or permission, the contractor endorsed plaintiff's name on the check and cashed it. (*Id.* ¶ 66.)

On March 22, 2011, defendant inspected the property for the first time and discovered that "no work worthy of any payment had been completed." (*Id.* ¶ 72.) Sometime thereafter, defendant applied the remaining insurance proceeds to plaintiff's loan.

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff contends that defendant's failure to conduct a prompt inspection of the property breached the following provision of the mortgage:

> [A]ny insurance proceeds . . . shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not

2

> lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or a series of progress payments as the work is completed. . . . If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this [mortgage], whether or not then due, with the excess, if any, paid to Borrower. . . .

(SAC, Ex. A, Mortgage at 6-7.) The plain language of this provision gives defendant the right but not the duty to conduct an inspection before making contractor payments. *See Premier Title Co. v. Donahue*, 765 N.E.2d 513, 516 (Ill. App. Ct. 2002) ("The language of a contract must be given its plain and ordinary meaning."). Thus, defendant's failure to inspect the property cannot be the basis for a breach of contract claim.

Moreover, even if defendant had such a duty, plaintiff could only state a viable claim if alleged that he complied with his mortgage obligations. *See Mannion v. Stallings & Co. Inc.*, 561 N.E.2d 1134, 1138 (Ill. App. Ct. 1990) (setting forth elements of contract claim). Plaintiff, who admits that he stopped making his mortgage payments, cannot make that allegation. (*See* SAC ¶ 2.) Accordingly, even if defendant had a duty to inspect, plaintiff's contract claim would still fail.

## **Conclusion**

For the reasons set forth above, and in the Court's orders of October 2, 2013 and January 17, 2014 dismissing the prior versions of plaintiff's complaint, the Court grants defendant's motion to dismiss [75] and terminates this case.

**SO ORDERED.**                                    **ENTERED: April 2, 2014**


_____
**HON. RONALD A. GUZMAN**
**United States District Judge**